UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES AND ELIZABETH CONSOLE FAMILY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ANTHONY MARK HARTMAN, PRIVATE PLACEMENT CAPITAL NOTES II, LLC<br><br>　　　　　　　　　　Defendants. | Case No.: 22-CV-1237-DMS-JLB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND ORDERING PLAINTIFF TO SHOW CAUSE** |

The Court is in receipt of Plaintiff's motion for reconsideration of its Order Denying Plaintiff's Motion for Substitution of Service on an Attorney (ECF No. 9). Motions for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

Plaintiffs ask the Court to reconsider permitting Plaintiff to effect service on Mr. William Norman Nettles, whom Plaintiff believes to be Defendant Anthony Mark Hartman's attorney in another matter. *See USA v. Bramlette et al.*, 19-cr-347 (D.S.C.). Plaintiff's again point to Federal Rule of Civil Procedure 4(f)(3) and *BP Products North America, Inc. v. Dagra*, 232 F.R.D. 263, 265 (2005). As stated before, both Rule 4(f)(3)

and *Dagra* relate to service of a defendant who is presently, or is believed to be, international. Plaintiff now states Defendant "may no longer be in Texas, he could be anywhere, he may be international for all we know, as there is no confirmation of his whereabouts at this time." (Pl. Mot. at 3.) Unlike the plaintiff in *Dagra*, here, Plaintiff has no evidence demonstrating that Defendant may be located internationally. Even though Mr. Nettles may still be retained as counsel for Defendant in the South Carolina criminal matter, *see USA v. Bramlette et al.*, 19-cr-347 (D.S.C.), this Court is aware of no precedential authority permitting service to be effected on an attorney representing a defendant in another matter. The Court therefore **DENIES** Plaintiffs motion for reconsideration.

The record reflects Plaintiff has attempted to serve Defendant via certified mail in accordance with Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure §§ 415.30, 415.40. **IT IS FURTHER ORDERED** that, due to Plaintiff's attempt to effect service by other means, the deadline to demonstrate service has been effected in this matter is extended to May 26, 2023.

Plaintiff is **ORDERED** to show cause as to whether Plaintiff is an individual person, two individuals, a trust, or a partnership. This is not clear to the Court. Pursuant to Local Rule 83.3, only "natural persons" may proceed *pro se* in this Court. However, a person may only appear *pro se* on behalf of him or herself and has "no authority to appear as an attorney for others." *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 609 (S.D. Cal. Apr. 10, 2014). Local Rule 83.3 further provides that "corporations, partnerships and other legal entities, may appear in court only *through an attorney permitted to practice*." (emphasis added). Plaintiff is **ORDERED** to provide a response to this Court no later than April 28, 2023.

**IT IS SO ORDERED.**

Dated: April 14, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court