UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES AND ELIZABETH CONSOLE,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHONY MARK HARTMAN; PRIVATE PLACEMENT CAPITAL NOTES, II, LLC,<br><br>Defendants. | Case No.:  22-cv-1237-DMS-VET<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

Pending before the Court is Plaintiffs' James and Elizabeth Console ("Plaintiffs") *pro se* motion for default judgment against Defendants Anthony Mark Hartman and Private Placement Capital Notes II, LLC ("Defendants") (ECF No. 18.)  The motion is unopposed.  Upon consideration of the pleadings and circumstances of the case, the Court grants Plaintiffs' motion.

## I.  BACKGROUND

The genesis of Plaintiffs' complaint is a fraudulent scheme perpetrated by Defendants that divested Plaintiffs out of their IRA and other savings accounts.  Plaintiffs allege they were victims of a Ponzi scheme perpetrated by multiple individuals, including

Defendant Anthony Mark Hartman, on multiple victims. A complex and lengthy litigation history follows the alleged perpetrators, as there have been multiple civil and criminal proceedings filed against Defendants and their co-conspirators in state and federal courts across the country resulting in findings of liability and settlement agreements.[1] In this district, the SEC brought suit against Defendants and their co-conspirators for fraud, breach of contract, and declaratory relief. *SEC v. Total Wealth Mgmt., Inc., et al.*, No. 15-cv-226-BAS-DHB (S.D. Cal. 2015). While the SEC and Defendants reached a settlement agreement over four years ago, the record reveals Defendants have not fulfilled their obligations under the settlement agreement. Plaintiffs claim they have not received any recovery from Defendants or the SEC despite the settlement agreement.

On August 22, 2022, Plaintiffs filed their complaint. Thereafter, on January 31, 2023, Plaintiffs filed an amended complaint. Because Defendants repeatedly evaded service of summons, the Court granted multiple motions to extend time to effectuate service under Fed. R. Civ. P. 4. (ECF No. 4, 7.) After more than a year, on April 25, 2023, Plaintiffs successfully served Defendants with the complaint and amended complaint. (ECF No. 15.) Defendants failed to respond, and on May 8, 2023, the Clerk entered default against Defendants. (ECF No. 17.)

---

[1] *See SEC v. Bramlette, et al.*, No. 2:18-cv-761 (D. Utah 2018) (civil judgment entered against Defendants, Mr. Bramlette, and others, based on an alleged Ponzi scheme defrauding investors out of retirement savings); *People v. Jacob Keith Cooper*, No. SCD2711154 (S.D. Super. Ct. 2017) (state criminal case charging Mr. Cooper with conspiracy, misrepresentations of sale, and elder theft); *Kamian Schwartzman v. Jomac, LLC, et al.*, No. 2:10-cv-3130 (E.D. Pa. 2011) (lawsuit against Mr. Cooper and others to secure receivership property for the benefit of investors from the companies involved in the alleged Ponzi scheme); *United States v. Anthony Hartman*, No. 2:19-cr-347 (D.S.C. 2019) (federal criminal case charging Mr. Hartman with fraud); *United States v. James Bramlette*, No. 2:19-cr-347 (D.S.C. 2019) (federal criminal case charging Mr. Bramlette with fraud); *United States v. Terrence Goggin*, No. 4:18-cr-415 (N.D. Cal. 2018) (federal criminal case charging Mr. Goggin with fraud); *SEC v. Total Wealth Mgmt., Inc., et al.*, No. 15-cv-226 (S.D. Cal. 2015) (SEC lawsuit against TWM and Jacob Cooper for fraud); *Seaman v. Private Placement Capital Notes II, LLC*, No. 16-cv-578 (S.D. Cal. 2016) (lawsuit for fraud and breach of contract). The foregoing is not an exhaustive list of cases involving these individuals and related entities, but rather identifies those cases pertinent to Plaintiffs' complaint.

On June 2, 2023, Plaintiffs filed the instant motion for default judgment. (ECF No. 18.) Plaintiffs attempted multiple times to serve Defendants with the motion for default judgment, and the Court granted Plaintiffs' motion to extend time to effectuate service of the motion. (ECF No. 20, 22.) Ultimately, Plaintiffs were unsuccessful in serving Defendants with the motion for default judgment. Nevertheless, for the reasons stated below, the Court **GRANTS** Plaintiffs' motion and excuses Plaintiffs' failure to serve the motion on Defendants.

## II.   LEGAL STANDARD

The Clerk of the Court is required to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) allows for entry of default judgment by the court. However, "[a] plaintiff does not receive default judgment as a matter of right; rather, a court has discretion as to whether it should be granted." *United States v. Boyce*, 148 F. Supp. 2d. 1069, 1093 (S.D. Cal. 2001) (citations omitted).

In exercising that discretion, courts consider: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). Given the strong public policy in favor of decisions on the merits, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." *VonGrabe v. Spring PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) (citing *Pena v. Seguros La Comercial, S.A.*, 220 F.2d 811, 814 (9th Cir. 1985)). In general, however, "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

This is particularly appropriate where, as here, liability is obvious given the litigation history and results across the country.

### III. DISCUSSION

#### A. Procedural Requirements

Fed. R. Civ. P. 5(a)(2) states "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Plaintiffs successfully served Defendants with both the complaint and amended complaint. The subject motion for default judgment does not "assert a new claim for relief" for it merely asks the Court to enter default judgment against Defendants as outlined in the complaint and amended complaint. Under Rule 5(a)(2), "defendants are 'parties in default' when defendants have been served with summons and do not appear and answer within the required period. . . ." *Bricklayers & Allied Craftworkers Local Union No. 3 v. Palomino*, 2010 WL 2219595 at *3 (N.D. Cal. June 2, 2010) (citing *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 n. 3 (11th Cir. 1982)). Because Defendants have been served with summons but have failed to appear or file a response in this matter, Defendants are "part[ies] in default." Accordingly, Plaintiffs are excused from providing notice of the motion to Defendants under Fed. R. Civ. P. 5(a)(2). The Court, therefore, addresses the merits of the motion.

#### B. *Eitel* Factors

##### i. Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers the possibility of prejudice to the plaintiff if a default judgment is not entered. *See Eitel*, 782 F.2d at 1471. Plaintiffs contend Defendants defrauded them of their savings and retirement funds. Defendants have failed to appear or respond to Plaintiffs' allegations. If default judgment is not entered, Plaintiffs will likely have no recourse against Defendants. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1054 (N.D. Cal. 2010). Thus, the Court finds this factor weighs in favor of Plaintiffs.

   *ii.*  *Merits of Plaintiffs' Substantive Complaint and Sufficiency of the Complaint*

  The second and third *Eitel* factors are the merits of Plaintiffs' substantive claim and the sufficiency of the complaint. *See Eitel*, 782 F.2d at 1471. These factors "require that a plaintiff state a claim on which it may recover." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (internal citations and quotation marks omitted). "Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). However, those pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't Navy,* 66 F.3d 193, 199 (9th Cir. 1995).

  Plaintiffs allege Defendants committed a "Ponzi-like … scheme to defraud[,]" involving multiple co-conspirators. (Pls.' Amended Complaint, ("Pls.' Amend. Compl."), ECF No. 5, at 2). "To state a claim for common law fraud under California law, a plaintiff must allege: (1) a misrepresentation (such as a false representation, concealment, or nondisclosure); (2) knowledge of falsity (also known as scienter); (3) intent to defraud or to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Scott v. Saraya USA, Inc.*, 2023 WL 3819366 at *4 (N.D. Cal. June 5, 2023) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)). Where a complaint includes allegations of fraud, a heightened pleading standard generally applies which requires allegations of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citing Fed. R. Civ. P. 9(b)).

  Plaintiffs' complaint and amended complaint reference the claims filed against Defendants in *SEC v. Total Wealth Management*, Case No. 15-cv-226-BAS-DHB (S.D.

Cal. 2015) (SEC Complaint ("SEC Compl."), ECF No. 57, at Exhibit 1).[2] "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Such is the case here. Because the SEC's case is specifically referenced in the complaint and amended complaint and provides the basis for Plaintiffs' claims, Defendants are fairly on notice of Plaintiffs' claims.

The SEC's complaint alleges Defendant Hartman and his alter-ego Defendant Private Placement Capital Notes, II LLC ("PPCN") "made false representations to [investors] about material facts in order to induce them to invest in PPCN" that Defendant Hartman knew to be false. (SEC Compl. at 9.) The SEC further alleged that "Defendant Hartman made the false representations . . . intentionally, with the intention that they would be acted upon, and in order to defraud the [investors], including by causing them to invest in PPCN." (*Id.* at 10.) These allegations sufficiently satisfy the first three elements of common-law fraud. Further, the investors "were ignorant of the falsity of these representations and justifiably and reasonably relied on the false representations of PPCN and Defendant Hartman" when investing millions of dollars in Hartman's fraudulent scheme. (*Id.*) These allegations sufficiently satisfy the fourth and fifth elements of common-law fraud.

  iii. *Sum of Money at Stake*

The fourth *Eitel* factor requires the Court to "consider the amount of money at stake in relation to the seriousness of defendant's conduct." *Eitel*, 782 F.2d at 1471. "This

---

[2] Defendant Anthony Mark Hartman and his alter-ego Private Placement Capital Notes II, LLC were not originally listed as defendants in the SEC's case against Total Wealth Management. On February 23, 2016, however, Judge Cynthia Bashant granted the SEC's motion to pursue claims against Mr. Hartman and Private Placement Capital Notes II, LLC. Thus, the complaint filed by the SEC against Defendants can be found at *SEC v. Total Wealth Management*, Case No. 15-cv-226-BAS-DHB (S.D. Cal. 2015) (ECF No. 57, at Exhibit 1) or *Seamen v. Private Placement Capital Notes II, LLC*, Case No. 16-cv-578-BAS-DHB (S.D. Cal. 2016) (ECF No. 1).

requires that the court assess whether the recovery sought is proportional to the harm caused by the defendant's conduct." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Typically, "[d]efault judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions." *Valentin v. Grant Mercantile Agency, Inc.*, 2017 WL 6604410 (E.D. Cal. Dec. 26, 2017).

Plaintiffs seek judgment for compensatory damages and restitution in the amount of $1,743,844, and punitive damages equal to the compensatory damages. Plaintiffs allege Defendants defrauded them of $176,872 from their savings accounts and deprived them of lost earnings at 8% for 12 years in the amount of $445,394 and future losses at 8% for 12 years in the amount of $1,121,578 amounting to $1,743,844. (Pls.' Mot. for Default Judgment, ECF No. 18, Attachment 1 at 4.)[3] Plaintiffs' allegations and evidence establish that the compensatory damages sought are proportional to the harm caused by Defendants' fraud. Plaintiffs also allege that Defendants' "willful and reckless" conduct warrants an award of punitive damages in the same amount as their compensatory damages. (Pls.' Amend. Compl. at 3.) "Under California law, a plaintiff may recover punitive damages upon a finding of "oppression, fraud, or malice." *In re Cantrell*, 329 F.3d 1119, 1125 (9th Cir. 2003); Cal. Civ. Code § 3294(a). This factor, therefore, weighs in favor of granting Plaintiffs' motion.

    *iv.    Possibility of Dispute*

The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case. *Eitel*, 782 F.2d at 1471-72. Upon entry of default, the well-pleaded allegations of the complaint relating to liability are taken as true. *TeleVideo Systems, Inc.*, 826 F.2d at

---

[3] Plaintiffs' damages calculation is supported by reports from two qualified forensic accounting firms. (Pls.' Mot. for Default Judgment, ECF No. 18, Attachment 1 at Exhibit 1.) Dr. Barbara C. Luna, a CPA and Certified Fraud Examiner, was obtained by Plaintiffs to determine the potential current value of Plaintiffs' investment from February 1, 2011 to April 11, 2022, the date the Report was compiled. Jeffrey D. Porter, Director of JDP Forensic Accounting, corroborated Dr. Luna's calculations. (*Id.* at Exhibit 2.) The Court notes that Plaintiffs' calculations are higher than Dr. Luna's calculations as they take into account lost and future earnings from February 1, 2011 to January 30, 2023.

917. Given Defendants' multiple attempts to evade service and failure to appear, Defendants have waived their opportunity to dispute Plaintiffs' allegations. This factor weighs in favor of granting Plaintiffs' motion.

      *v. Excusable Neglect*

The sixth *Eitel* factor considers the possibility that Defendants' default resulted from excusable neglect. *Eitel*, 782 F.2d at 1472. The record indicates that Defendants have evaded service multiple times. There is clear evidence that Defendants' default was not the result of excusable neglect. This factor weighs in favor of granting Plaintiffs' motion.

      *vi.   Strong Policy Favoring Decisions on the Merits*

The seventh *Eitel* factor considers the strong policy favoring cases to be decided on the merits "whenever reasonably possible." *Id.* The Court finds a decision on the merits to be "impractical, if not impossible," given Defendants' significant efforts to evade service of process. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This factor, too, weighs in favor of granting default judgment.

Accordingly, Plaintiffs' motion for default judgment is granted as the *Eitel* factors all tip decidedly in favor of Plaintiffs. The Court further finds that Plaintiffs' prayer for compensatory damages in the sum of $1,743,844.00 is supported by evidence and sufficiently compensates Plaintiffs for their harm suffered. Plaintiffs also request punitive damages in the amount of $1,743,844.00, an amount equal to their compensatory damages. Upon calculating punitive damages, "courts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages covered." *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003). Plaintiffs' request for $1,743,844.00 in punitive damages is reasonable and proportionate to the amount of harm suffered by Plaintiffs as a result of Defendants' fraudulent misconduct. Thus, the Court grants Plaintiffs' request for default judgment against Defendants in the amount of $3,487,688.00.

## IV. CONCLUSION AND ORDER

For the reasons stated above, Plaintiffs' motion for default judgment is **GRANTED** and judgment is entered against Defendants in the amount of $3,487,688.00. The Clerk shall enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

Dated: March 11, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court